BURPEE v. FIRST NAT. BANK OF JANESVILLE. See Case No. 2,185.

---

## Case No. 2,148.

### Ex parte BURFORD.

### [1 Cranch, C. C. 276.][1]

Circuit Court, District of Columbia. Dec. Term, 1805.[2]

JUSTICES OF THE PEACE—JURISDICTION—WARRANT OF COMMITMENT—SUFFICIENCY.

1. An authority which may be exercised by an individual magistrate may be exercised by many jointly.

2. A warrant of commitment must state probable cause, supported by oath or affirmation.

[Cited in U. S. v. Tureaud, 20 Fed. 623.]

[See note at end of case.]

[See Ex parte Bennett, Case No. 1,311.]

Habeas corpus, ad subjiciendum. The return states a warrant, from a large number of justices, to bring before them the prisoner, to find sureties for his good behavior. The form is the same as that in 4 Burn, J. P. 256; and an order that he find surety in the sum of $4,000, and a mittimus for want of surety, in the following form: "Alexandria County, ss.—The undersigned, justices of the United States, assigned to keep the peace, within the said county, to the marshal of the district, and all and singular the constables, and other officers of the said county, greeting:—Forasmuch as we are given to understand, from the information, testimony, and complaint of many credible persons, that John A. Burford, of the said county, shopkeeper, is not of good name and fame, nor of honest conversation, but an evil-doer and disturber of the peace of the United States, so that murder, homicide, strifes, discord, and other grievances and damages, amongst the citizens of the United States, concerning their bodies and property, are likely to arise thereby—Therefore, on the be-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reversed by the supreme court, in Re Burford, 3 Cranch (7 U. S.) 448.]

half of the United States, we command you, and every of you, that you omit not, by reason of any liberty within the county aforesaid, but that you attach, or one of you do attach, the body of the said John A. Burford, so that you have him before us, or other justices of the said county, as soon as he can be taken, to find and offer sufficient surety and mainprise for his good behavior towards the said United States, and the citizens thereof, according to the form of the statute in such case made and provided. And this you shall in nowise omit, on the peril that shall ensue thereon, and have you before us this precept. Given under our hands and seals, in the county aforesaid, this 21st day of December, 1805."

Mr. Hiort, for prisoner. The mittimus ought to show a legal ground of commitment, supported by oath of persons named; and state how long the sureties are to be held bound for his good behavior, otherwise it amounts to imprisonment for life. It is a general warrant. It does not specify a crime. Bosc. Pen. St. 9; Rex v. Little, 1 Burrows, 613; Id. 2281; 1 Salk. 181. As no sufficient cause was expressed, the jailer was not bound to receive him, and cannot lawfully detain him. 1 Bl. Comm. 137; 2 Inst. 52, 53; 4 Bl. Comm. 255. The justices could not bind over to the good behavior on their own knowledge. They could not do it without an oath. General information is not sufficient. 1 Hawk. c. 61, § 4, note. By the 6th amendment of the constitution of the United States "no warrants shall issue but upon probable cause, supported by oath or affirmation;" and by the 10th amendment, excessive bail shall not be required. In the present case the bail was excessive. He was charged with no offence, nor even with being of ill-fame, and yet these justices have required bail in the sum of four thousand dollars. The justices had no authority to act jointly. By the act of congress of 27th February, 1801 (2 Stat. 103), they have only the powers of individual magistrates. They have no power as a court. They can only exercise, each for himself, the powers given by law to single or individual magistrates. Whose act is this? They cannot act jointly. Then it amounts to several warrants. As a joint act it is extrajudicial; they have no joint authority. The mittimus says he was brought before a meeting of many of the justices of the peace, yet only one could act, and the warrant does not say which.

Mr. Jones, contra. The justices were not bound to state the evidence which satisfied them that he was a person of evil fame. It is no objection that the time for which he was to be bound, is not stated. The acts of the magistrates must be presumed to be right until the contrary appears.

Mr. Youngs and Mr. Swann, in reply. The oath which justifies the warrant to arrest and bring the party before the magistrate, will not justify the jailer to hold him under

the warrant of commitment, if the commitment does not state a charge or conviction upon oath. But the warrant to arrest was itself illegal. It did not state the name of the person on whose oath it was grounded, so that the prisoner could bring evidence to discredit the witness; or to convict him of perjury; or to have his action for a malicious prosecution. The constitution says that the party shall have a right to be confronted with the witnesses against him. The commitment does not state that any witnesses were examined before them at the time he was brought before the justices.

THE COURT refused to discharge the prisoner, but required surety, in one thousand dollars, for his good behavior for one year.

CRANCH, Chief Judge, contra. The commitment is illegal, and is not aided by the warrant for arrest. That warrant is not referred to in the commitment; but if it can be brought in aid of the commitment, yet it ought to have stated the names of the persons on whose testimony it was granted, and the nature of the testimony, that this court may know what kind of ill-fame it was, and whether the justices have exercised their discretion properly. The question is, what authority can the jailer show for detaining him? The commitment is his only authority; and that is, in my opinion, insufficient.

Judgment reversed in the supreme court, and prisoner discharged. [Ex parte Burford] 3 Cranch [7 U. S.] 448.

[NOTE. The grounds of reversal assigned by the supreme court were that the warrant of attachment was illegal for want of stating some good cause certain, supported by oath, and that the circuit court erred in acting upon the proceedings before the justices only, and not de novo. 3 Cranch (7 U. S.) 448.]