7 U.S. 448 (____)
3 Cranch 448
EX PARTE BURFORD
Supreme Court of United States.

Hiort, for the petitioner
MARSHALL, Ch. J.
There is some obscurity in the act of congress, and some doubts were entertained by the court as to the construction of the constitution. The court, however, in favour of liberty, was willing to grant the habeas corpus. But the case of the United States v. Hamilton, 3 Dal. 17, is decisive. It was there determined that this court could grant a habeas corpus; therefore, let the writ issue, returnable immediately, together with a certiorari, as prayed.
Upon the return of the habeas corpus, and certiorari, it appeared, that on the 28th of December, 1805, Burford was committed to the jail of Alexandria county, by a warrant under the hands and seals of Jonah Thompson, and ten other justices of the peace for that county; which warrant was in the following words:
Alexandria County, ss.
Whereas John A. Burford, of the county aforesaid, shopkeeper, has been brought before a meeting of many of the justices of the peace for the said county, and by them was required to find sufficient sureties to be bound *450 with him in a recognizance, himself in the sum of four thousand dollars, and securities for the like sum, for his good behaviour towards the citizens of the United States, and their property; and whereas the said John A. Burford hath failed or refused to find such sureties; these are therefore in the name of the United States, to command you the said constables, forthwith to convey the said John A. Burford to the common jail of the said county, and to deliver him to the keeper thereof, together with this precept; and we do, in the name of the said United States, hereby command you, the said keeper, to receive the said John A. Burford into your custody, in the said jail, and him there safely keep, until he shall find such sureties as aforesaid, or be otherwise discharged by due course of law. Given under our hands and seals, this 28th day of December, 1805.

To any constable, and the jailor of the county of Alexandria.
On the 4th of January, 1806, the circuit court of the district of Columbia, sitting in the county of Washington, upon the petition of Burford, granted a habeas corpus, and upon the return, the marshal certified, in addition to the above warrant of commitment, that Burford was apprehended by warrant, under the hands and seals of Jonah Thompson, and thirteen other justices of the county of Alexandria, a copy of which he certifies to be on file in his office, and is as follows:
Alexandria County, ss.
The undersigned justices of the United States, assigned to keep the peace within the said county, to the marshal of the district, and all and singular the constables, and other officers of the said county, Greeting:
Forasmuch as we are given to understand, from the information, testimony and complaint of many credible persons, that John A. Burford, of the said county, shop-keeper, is not of good name and fame, nor of honest conversation, but an evil doer and disturber of the *451 peace of the United States, so that murder, homicide, strifes, discords, and other grievances and damages, amongst the citizens of the United States, concerning their bodies and property, are likely to arise thereby, Therefore, on the behalf of the United States, we command you, and every of you, that you omit not, by reason of any liberty within the county aforesaid, but that you attach, or one of you do attach, the body of the aforesaid John A. Burford, so that you have him before us, or other justices of the said county, as soon as he can be taken, to find and offer sufficient surety and mainprize for his good behaviour towards the said United States, and the citizens thereof, according to the form of the statute in such case made and provided.
And this you shall in no wise omit, on the peril that shall ensue thereon, and have you before us this precept. Given under our hands and seals, in the county aforesaid, this 21st day of December, 1805.
The circuit court, upon hearing, remanded the prisoner to jail, there to remain until he should enter into a recognizance for his good behaviour for one year, himself in the sum of 1,000 dollars, and sureties in the like sum.
Hiort, for the prisoner, contended, that the commitment was illegal, both under the constitution of Virginia, and that of the United States. It does not state a cause certain, supported by oath.
By the 10th article of the bill of rights, of Virginia, it is declared, that all warrants to seize any person whose offence is not particularly described, and supported by evidence, are grievous and oppressive, and ought not to be granted.
By the 6th article of the amendments to the constitution of the United States, it is declared, "that on warrants shall issue but upon probable cause, supported by oath or affirmation."
*452 By the 8th article it is declared, that in all criminal prosecutions, the prisoner shall enjoy the right to be informed of the nature and cause of his accusation, and to be confronted with the witnesses against him; and the 10th article declares, that excessive bail shall not be required.
In the present case, the marshal's return, so far as it stated the warrant upon which Burford was arrested and carried before the justices, was perfectly immaterial. He did not complain of that arrest, but of his commitment to prison. The question is, what authority has the jailor to detain him? To ascertain this, we must look to the warrant of commitment only. It is that only which can justify his detention. That warrant states no offence. It does not allege that he was convicted of any crime. It states merely that he had been brought before a meeting of many justices, who had required him to find sureties for his good behaviour. It does not charge him of their own knowledge, or suspicion, or upon the oath of any person whomsoever.
It does not allege that witnesses were examined in his presence, or any other matter whatever, which can be the ground of their order to find sureties. If the charge against him was malicious, or grounded on perjury, whom could he sue for the malicious prosecution? or whom could he indict for perjury?
There ought to have been a conviction of his being a person of ill fame. The fact ought to have been established by testimony, and the names of the witnesses stated. Boscawen on Convictions, 7, 8, 10, 16, 110. Salk. 181.
But the order was oppressive, inasmuch as it required sureties in the enormous sum of 4,000 dollars, for his good behaviour for life.
If the prisoner had broken jail, it would have been no escape, for the marshal is not answerable, unless a cause certain be contained in the warrant, 2 Inst. 52, 53, and the reason given by Blackstone, 1 Com. 137, why *453 the warrant must state the cause of commitment, is, that it may be examined into upon habeas corpus. And in vol. 4, p. 256, speaking of the power of a justice to require sureties for good behaviour, he says, "But if he commits a man for want of sureties, he must express the cause thereof with convenient certainty, and take care that such cause be a good one. Rudyard's case, 2 Vent. 22.
Swann, on the same side, was informed by the court, that he need not say any thing as to the original commitment by the justices, but might confine his observations to the re-commitment by the circuit court, upon the habeas corpus.
He observed, that the circuit court did not reverse nor annul the original proceeding by the magistrates. It only diminished the sum in which bail should be required, and limited its duration to one year. It passed no new judgment, but merely remanded the prisoner  it heard no evidence  it was not a proceeding de novo  it gave no judgment  it convicted the prisoner of no offence. He is, therefore, still detained under the authority of the warrant of the justices; and if that is defective, there is no just cause of detainer. But if the remanding by the circuit court is to be considered as a new commitment, it is still a commitment upon the old ground; and if that was illegal, the order of the circuit court has not cured its illegality.
The Judges of this court were unanimously of opinion, that the warrant of commitment was illegal, for want of stating some good cause certain, supported by oath. If the circuit court had proceeded de novo, perhaps it might have made a difference. But this court is of opinion, that that court has gone only upon the proceedings before the justices. It has gone so far as to correct two of the errors committed, but the rest remain. If the prisoner is really a person of ill fame, and ought to find sureties for his good behaviour, the justices may proceed de novo, and take care that their proceedings are regular.
The prisoner is discharged.