# Monroe v. The State.

*Prosecution for removing Property upon which there was a Lien.*

1. *Prosecution for criminal offense; sufficiency of affidavit.*—An affidavit or complaint made for the institution of a prosecution, which affirms only that the affiant has reason to believe and does believe that the defendant committed a designated offense, is insufficient to institute a prosecution, does not authorize the issuance of a warrant of arrest, and will not support a judgment of conviction.

APPEAL from the County Court of Elmore.

Tried before the Hon. H. J. LANCASTER.

The prosecution against the appellant in this case was commenced by an affidavit made by C. H. Daniel before the judge of the county court of Elmore county, which affidavit was in words and figures as follows: "Before me, H. J. Lancaster, judge of the county court of said county, personally appeared C. H. Daniel, who, by me first duly sworn, deposes and says that he has reason to believe, and does believe, that within twelve months before making this affidavit and in said county Hox Monroe, alias Hoxie Monroe, with the purpose to hinder, delay or defraud affiant who had a lawful and valid claim thereto, under a written instrument lien created by law for rent or advances, or other lawful and valid claim, verbal or written, did sell or remove personal property, consisting of ten bushels of corn of the value of seven and no-100 ($7.00) dollars, the said Hox Monroe alias Hoxie Monroe having at the time a knowledge of the existence of such claim, against the peace and dignity of the State of Alabama."

Upon this affidavit a warrant of arrest was issued, and the defendant was tried and convicted of the offense charged.

No counsel marked as appearing for appellant.

MASSEY WILSON, Attorney-General, for the State.

McCLELLAN, C. J.—The affirmation of *reasons to believe* and belief in a complaint is not the equivalent of the affirmation of the existence of *probable cause to believe* and belief that a designated offense was committed by a party named. It is of easy conception that a person might have reasons to believe that a fact exists, and, therefore, believe that it does exist without having that probable cause for belief of its existence, the affirmation of which is the necessary basis under the constitution and statute for a warrant of arrest and prosecution to conviction. The complaint in this case affirms only that the affiant "had reasons to believe and does believe" that the defendant committed a designated offense. It did not authorize the issuance of the warrant of arrest; it does not support the judgment of conviction, and no valid judgment can be rendered upon it. The judgment will, therefore, be reversed, and a judgment will be here entered discharging the defendant.—*Johnson v. State*, 82 Ala. 29; *Miles v. State*, 94 Ala. 106; *Butler v. State*, 130 Ala. 127.

Reversed and rendered.