## E. L. DRAKE v. STATE.

No. 63.    Opinion Filed September 8, 1909.

(103 Pac. 878.)

1.    **APPEAL—Record—Perfecting Appeal.**    Where a defendant is found guilty of an offense which is bailable upon appeal, the record must show either that the defendant has been released upon bail or that he has been committed to the custody of the sheriff pending such appeal.    If not on bail or in jail, this court will have no power to enforce its judgment if the case is affirmed, and in such cases the appeal will be dismissed.

2.    **INDICTMENT AND INFORMATION—Verification.**    An information must be verified by the positive oath or affirmation of the county attorney or some other person.

3.    **EXTORTION—Evidence—False Pretenses.**    (a)    To constitute extortion, the taking of money or property must have been under color of official right.    Therefore it is necessary to allege and prove the official capacity of the defendant.

(b) If an officer authorizes some other person to receive property, under such circumstances as would constitute extortion if such

receiving had been done by the officer himself, then both such officer and such other person would be guilty of extortion.

(c) If a person without authority from an officer falsely represents himself as having such authority, and takes or receives property under such circumstances as would constitute extortion if such representations had been true, then such person is not guilty of extortion, but is guilty of obtaining property under false representations.

(Syllabus by the Court.)

*Appeal from Creek County Court; Josiah G. Davis, Judge.*

E. L. Drake was convicted of extortion, and he appeals. Reversed and remanded.

On the 19th day of December, 1907, an information was filed in the county court of Creek county, Okla., against E. L. Drake (hereinafter called defendant), which information is as follows:

"The State of Oklahoma v. E. L. Drake, Defendant. In the County Court of Creek County. In the name and by the authority of the state of Oklahoma now comes L. B. Jackson, the duly qualified and acting county attorney in and for Creek county, state of Oklahoma, and gives the county court of Creek county and state of Oklahoma to know and be informed that E. L. Drake did, in Creek county and in the state of Oklahoma, on or about the 14th day of December in the year of our Lord one thousand nine hundred and seven, and anterior to the presentment hereof, commit the crime of extortion in the manner and form as follows, to wit: That the said E. L. Drake did on or about the 14th day of December, 1907, in the county of Creek and state of Oklahoma, extort the sum of $25.00 from one B. F. Henderson, by then and there falsely and fraudulently representing to the said Henderson that he, the said Drake, as the agent of L. B. Jackson, then county attorney of said Creek county, would grant the said Henderson immunity to violate the liquor laws of the state of Oklahoma, and by such false and fraudulent representation the said Drake did then and there obtain from the said Henderson, with his consent, the said sum of $25.00, and there did commit extortion, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state.        L. B. JACKSON, County Attorney.

"State of Oklahoma, Creek County—ss.:

"I, L. B. Jackson, being duly sworn, on oath state that I have read the above and foregoing information and know the contents thereof, and that the facts stated therein are true to the best of my information and belief.    L. B. JACKSON.

"Subscribed and sworn to before me at Sapulpa, this 19th day of December, 1907.    JOSIAH G. DAVIS, Judge."

. The defendant filed a motion to set aside the information, which was overruled by the court, and the defendant reserved an exception. Upon the trial the defendant was found guilty, and the case is regularly before us on appeal.

*Sornberger & Williams,* for appellant.—On essentials to constitute offense of extortion: 19 Cyc., pages 38, 41, and 43, and cases cited; 12 A. & E. Enc. Law, pages 578 and 582, and cases cited.

*W. C. Reeves,* Asst. Atty. Gen., for the State.

FURMAN, PRESIDING JUDGE. (after stating the facts as above). First. There is nothing in the record in this case which shows whether the defendant gave bond and is legally at liberty, pending his appeal, or is confined in jail. If the defendant appears and gives bail, this fact should appear in the record. If the defendant is committed to jail in default of bail, this fact must also appear. Unless the defendant is either under bond or confinement, this court has no assurance that any judgment which it renders will be complied with, and it is a waste of time for this court to pass upon the case; but, as this point has never been passed upon by this court, we deem it to be fair to all parties that we announce this rule before enforcing it. Counsel will therefore take notice and prepare their cases-made upon this basis in the future.

Second. Upon authority of *Ex parte Flowers, ante,* p. 430, 101 Pas. 860, *Salter v. State, ante,* p. 464, 102 Pac. 719, and *De Graff v. State, ante,* p. 519, 103 Pac. 538, previously decided, we must hold the information in this case to be fatally defective, because it is not verified by the positive affidavit of the affiant.

For the authorities upon which we base this conclusion see the cases cited and discussed in the above cases.

Third. The facts stated in the information do not constitute the offense of extortion, which is a misdemeanor, but do constitute the offense of obtaining money under false pretenses, which is a felony. County courts have no jurisdiction of felonies.

There is no such thing as agency in the commission of crime. All persons who are concerned in the commission of a crime are principals, and should be prosecuted and convicted as such. This information was filed under section 2498, Wilson's Rev & Ann. St. 1903, which is as follows:

"Every person who commits any extortion under color of official right, in cases for which a different punishment is not prescribed by this chapter, or some of the statutes which it specifies as continuing in force, is guilty of a misdemeanor."

The indictment does not charge that the defendant occupied any official position, so he could not have committed extortion "under color of his official right." His representation that he was authorized by the county attorney of Creek county is alleged to be false, so his offense was that of obtaining money under false pretense. If it had been charged that the defendant did represent the county attorney, and that the said county attorney had in fact authorized him to make the proposition alleged to have been made, and that he thereby obtained the money described in the information, then both the defendant and the county attorney, if such allegations were sustained by the testimony, would be jointly guilty of extortion, because the money would have been obtained under the color of the county attorney's office with his assent thereto. But as it is alleged that the representations made were false, and that the county attorney had not authorized them to be made, the offense charged is, beyond dispute, that of obtaining money under false pretenses, and the defendant should be prosecuted for that offense. We cannot understand why the defendant was prosecuted for a misdemeanor, when the facts alleged clearly constitute a felony. We are therefore forced to hold that

upon this ground the motion to set aside the information should have been sustained.

For the reasons hereinbefore given, the judgment is reversed, and the case is remanded, with directions to the county attorney of Creek county to proceed against the defendant for obtaining money under false pretense.

DOYLE and OWEN, JUDGES, concur.