## *Ex parte* B. M. CRANFORD.

No. A-424.    Opinion Filed November 22, 1909.

(105 Pac. 367.)

1.    **HABEAS CORPUS—Grounds for Relief.** Section 4867, Wilson's Rev. & Ann. St. 1903. provides: "No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following: * * * (2) Upon any process issued on any final judg-

ment of a court of competent jurisdiction." **Held,** upon application for writ of **habeas corpus** showing commitment on judgment of conviction for the crime of adultery, that the writ be ·denied and rule to show cause refused.

2.    **ARREST—Bench Warrant—Bill of 'Rights.** The declaration of section 30 of the Bill of Rights that "no warrant shall issue· but upon probable cause, supported by oath or affirmation, describing as particularly as may be the place to be searched, and the person or thing to be seized," has no application to a bench warrant issued upon an information filed in the district court pursuant to the finding of an examining magistrate. wherein the party charged by complaint filed has 'been bound' over on the finding of probable cause to await the action of the district court.

3.    **ADULTERY—Persons Entitled to Prosecute.** Under section 2264, Wilson's Rev. & Ann. St. 1903, defining adultery, and requiring that "prosecution for adultery can be commenced and carried on against either of the parties to the crime only by his or her own husband or wife, as the case may be, or by the husband or wife, of the other party to the crime: Provided, that any person may make· complaint when persons are living together in open and notorious adultery." **held** that, in a prosecution commenced and carried on by the wife of defendant, the fact that defendant's wife obtained a divorce before his trial did not deprive the district court of jurisdiction to try the cause.

4.    **HABEAS CORPUS—Remedy by Writ of Error or Appeal.** Ap-. pellate courts uniformly hold that the writ of **habeas corpus** is not to take the place of a writ of error or of an appeal.

(Syllabus by the Court.)

Original application by B. M. Cranford for writ of *habeas corpus.* Writ denied.

B. M. Cranford, petitioner, was convicted in the district court of Pontotoc county of the crime of adultery, and was thereupon sentenced to imprisonment in the state prison for a term of five years.

*Crawford & Bolen,* for petitioner.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for the State.

DOYLE, JUDGE. On November 12, 1909, there was filed in this court a petition duly verified, praying that a writ of *habeas*

*corpus* issue to T. J. Smith, sheriff of Pontotoc county, and that, upon a hearing thereon, petitioner be discharged.

The petition, in substance, avers that on the 12th day of June, 1909, Mary E. Cranford, then the wife of petitioner, made complaint on oath before H. J. Brown, a justice of the peace of Pontotoc county, wherein petitioner was charged with the crime of adultery; that on the 15th day of June, 1909, upon a preliminary examination had before said justice of the peace, petitioner was held for trial in the district court of said county, and on the 24th day of June, 1909, Robert Wimbish, county attorney for said county, filed in the said district court an information charging petitioner with the crime of adultery, which information, omitting the title is as follows:

"Comes now Robt. Wimbish, the duly qualified and acting county attorney in and for Pontotoc county, state of Oklahoma, and gives the district court of the Seventh judicial district of said county and state of Oklahoma to know and be informed that the above-named defendant, B. M. Cranford, late of Pontotoc county, did in the year of our Lord one thousand nine hundred and nine commit the crime of adultery in the manner and form as follows: That is to say, the said defendant did in said county and state at the date above named unlawfully, wilfully, and feloniously live in open and notorious adultery with one Maggie Jones, a female person, the said B. M. Cranford being then and there a male person and being then and there lawfully married to another female person, to wit, Mary E. Cranford; and the said B. M. Cranford, a male person, did then and there unlawfully, wilfully, and feloniously and voluntarily have sexual intercourse with one Maggie Jones, a female person, the said B. M. Cranford being then and there lawfully married to another female person, to wit, Mary E. Cranford, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Oklahoma. Robt. Wimbish, County Atty. State of Oklahoma, Pontotoc County. I, Robt. Wimbish, being duly sworn on oath do state that the facts set out in the foregoing information are true based on lawful information and belief. Robt. Wimbish. Subscribed and sworn to by Robt. Wimbish this the 24th day of June, 1909. W. T. Cox, Clerk Dist. Court, Pontotoc Co., Okla."

Petitioner further avers that he was again arrested upon a bench

warrant issued upon said information; that on the 13th day of October, 1909, he was tried and found guilty as charged; that on the 9th day of November, 1909, the said court rendered judgment on said verdict, and, in accordance therewith,' sentenced him to imprisonment in the penitentiary for a term of five years; that he is now held in the common jail of Pontotoc county in the custody of said sheriff. Petitioner avers that said judgment is illegal and void, and his restraint thereunder is illegal and unauthorized, for the following reasons, to wit:

"First, because the information is not verified as is required by law, the same being verified by the county attorney, 'based on lawful information and belief,' the sworn affidavit of the said Mary E. Cranford not being attached to the information and made a part thereof, and no allegation in said information as to what the lawful information was and no allegation that it was based on said affidavit of Mary E. Cranford, and was not positively sworn to, as required by law, announced by this court in the *Salter Case,* 2 Okla. Cr. 464, 102 Pac. 719, and that said court had no jurisdiction of the case, and that said judgment is absolutely void; second, for the reason that Mary E. Cranford, who had been the wife of your petitioner at the time of the alleged crimes, filed a suit in the district court of Pontotoc county, Okla., and on the 29th day of June, 1909, and long before this case was tried, obtained a divorce from this petitioner, and that no notice of appeal was given within 10 days, and that no appeal has been taken, and that at the time of the trial, verdict, and judgment she was not the wife of this petitioner, and that no prosecution could be 'carried on' by her, but said suit was abated; wherefore your petitioner asks that a writ of *habeas corpus* issue, and that upon hearing he be discharged."

To this application, the Attorney General filed a demurrer as follows:

"Comes now on this 15th day of November, 1909, the Attorney General, and for and upon behalf of the state of Oklahoma demurs to the petition in the above-entitled matter for the reason that same does not state facts sufficient to entitle the petitioner to a discharge, in that it is immaterial that the complaining witness, Mary E. Cranford, had procured a divorce from the petitioner after the commission of the alleged offense, and after jurisdiction had attached over the person of the petitioner and the

subject-matter of the action before the trial was had thereon, as the divorce granted for the adultery charge could not abate the offense, nor divest the court of jurisdiction of the subject-matter thereof. Second. That the irregularities complained of as to the verification of the information could not be attacked collaterally on *habeas corpus*, but could only be attacked by appeal after objection made in due time and exceptions saved to the action of the trial court thereon."

We are of opinion that the demurrer should be sustained. It appears by the averments of the petition that the issuance of the writ, or a rule on said sheriff to show cause why the writ of *habeas corpus* should not be issued for petitioner's release, would result in a return that said sheriff holds the prisoner by virtue of the sentence of the district court of Pontotoc county. The facts before the court are precisely the same as if the writ of *habeas corpus* had been served or a rule to show cause had been made. The court can determine the rights of the petitioner to be released, upon the pleadings as correctly and with more convenience, in the administration of justice, than if the writ, or a rule to show cause, had issued. Upon principles which may be considered to be well settled in this court, it can have no right to issue this writ of *habeas corpus* as a means of reviewing the judgment of the district court upon the ground of error in its proceedings; but if it shall appear that the district court had no jurisdiction to render the judgment which it gave, and under which the petitioner is held a prisoner, it is not only within the powers of this court, but it is its duty to allow the writ of *habeas corpus* and discharge the petitioner. *Ex parte Charles Johnson*, 1 Okla. Cr. 414, 98 Pac. 461; *Ex parte Gudenoge*, 2 Okla. Cr. 110, 100 Pac. 39; *Ex parte Mingle*, 2 Okla. Cr. 708, 104 Pac. 68; *Ex parte Justus, ante,* p. 111, 104 Pac. 933.

If the district court had jurisdiction of the person and the offense for which the petitioner was tried, and has not exceeded its powers in the sentence which it pronounced, this court can inquire no further Whether the information sets forth in comprehensive terms the offense, which the statute describes and forbids, and for

3 Cr.—13

which it prescribes a punishment, is in every case a question of law, which must necessarily be decided by the trial court, and is therefore clearly within its jurisdiction. Its decision on the conformity of the information to the requirements of the statute may be erroneous, but, if it is so, it is an error of law of the trial court acting within its jurisdiction, which could be corrected on an appeal, but which cannot be looked into on a writ of *habeas corpus* limited to an inquiry into the existence of the jurisdiction of the trial court.

The jurisdiction of the district court is denied in this case upon two grounds: First, for the reason that the information is verified only on information and belief, and the case of *Salter v. State,* 2 Okla. Cr. 464, 102 Pac. 719, is referred to. The principle enunciated in that case has no application to the case at bar. In that case this court said:

"But we limit the decision to informations charging misdemeanors. Informations in felony cases are to be tested, as near as may be, by the statutes regulating indictments, and we do not wish to indicate in advance what we should hold in a case where the information charges a felony"

The Constitution of Oklahoma authorizes the prosecution of felonies by informations, but with the following restrictions: Section 17, Bill of Rights, declares:

"No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination."

In this case it appears that upon a written complaint properly verified by the wife of the petitioner, wherein he was charged with the crime of adultery, he was arrested, and upon a preliminary examination the magistrate found that there was sufficient cause to believe him guilty as charged, and bound him over to answer the same before the district court. This was sufficient finding of probable cause upon which to base the bench warrant, and was not in violation of section 30 of the Bill of Rights.

The fact that the information was not positively sworn to could not affect the jurisdiction of the district court; and the fact that the information does not recite that said prosecution was

"in the name and by the authority of the state of Oklahoma" (section 19, art. 7, Const.) is not a fatal defect. *Arie v. State*, 1 Okla. Cr. 666, 100 Pac. 23, 33. In *Caples v. State, ante,* p. 72, 104 Pac. 493, Furman, Presiding Judge, said:

"It is not necessary that an information should contain the words 'in the name and by the authority of the state of Oklahoma,' It is sufficient if it appears from the record of a case that the prosecution was carried on in the name and by the authority of the state But this court suggests that, as a matter of good pleading, it would be well for informations to begin with these words."

It only remains to consider whether the fact that the prosecuting witness, Mary E. Cranford, having obtained a divorce from petitioner before his trial, deprived the district court of the power of proceeding to try the petitioner and sentence him. We have no difficulty in holding that the divorce secured by the prosecuting witness in no way affected the jurisdiction of the district court. Section 2264, Wilson's Rev. & Ann. St. 1903, prescribes:

"Adultery is the unlawful voluntary sexual intercourse of a married person with one of the opposite sex; and when the crime is between persons, only one of whom is married, both are guilty of adultery. Prosecution for adultery can be commenced and carried on against either of the parties to the crime only by his or her own husband or wife, as the case may be or by the husband or wife of the other party to the crime; Provided, that any person may make complaint when persons are living together in open and notorious adultery."

In the case of *In re Smith,* 2 Okla. 153, 37 Pac. 1099 (decided at the June term, 1904), it was held:

"That a prosecution for adultery cannot be commenced and carried on by a woman after she has obtained a decree of divorcement from the party charged to have committed the crime."

This case is not in point for the reason that the prosecution in the Smith Case was under a law which was amended in 1897 by the enactment of the present statute, which differs from the original statute in the supplemental proviso. And in this information the charge is that the adultery was open and notorious.

For the reasons stated, the writ of *habeas corpus* is denied, and a rule to show cause is refused.

FURMAN, PRESIDING JUDGE, and OWEN, JUDGE, concur.