Vannatta v. The State.

VANNATTA v. THE STATE.

CRIMINAL LAW.—*Information.*—*Uncertainty.*—An information in which the district attorney charges the offense, "as he verily believes," is bad on motion to quash.

APPEAL from the Kosciusko Common Pleas.

GREGORY, J.—The information by the district attorney charges, that on or about the 15th day of April, 1868, at, &c., one John W. Vannatta did then and there, unlawfully and feloniously, with intent then and there to injure and kill America Horn and six others named, "mingle and mix a certain deadly poison, known as arsenic, in quantities sufficiently large to produce death, with water, with which said arsenic was so mingled would then and there be drank by said persons named and taken into their stomachs, and that said persons would be thereby and therefrom poisoned and killed, as he verily believes."

A motion was made to quash the information, and overruled, and this presents the first question raised by the assignment of errors.

Several objections are taken to the information. 1. That the quantity of arsenic is too indefinitely stated. 2. That the water with which the arsenic was mingled is not defined; nor is it shown how it was possible or likely that it would be drank by the persons named. 3. That the charge is not direct and positive, but as the district attorney verily believes.

The code has made some changes in the strict rules of the common law as to pleading in criminal cases, but it requires that "the indictment or information must be direct and certain, as it regards the party, and the offense charged." 2 G. & H. 402, sec. 55.

That the charge in the case at bar is not direct and certain, is clearly settled, to our minds, in *Commonwealth v. Phillips*, 16 Pick. 211.

An affidavit on information and belief is sufficient to warrant the issuing of process and the arrest of the offender, but it is not sufficient in an indictment or information.

The charge must be that the defendant committed the crime, not that he is guilty as the district attorney verily believes.

A verdict that the defendant is guilty as charged would amount to nothing. It would only show that the district attorney believed that the offense had been committed.

The information is vague and uncertain in other particulars; but as it is not the province of this court to point out what would be a good information in this case, we have discharged our entire duty when we find the information bad.

As the trial was on a bad information, the other questions made by counsel become unimportant.

Judgment reversed, and the cause remanded, with directions to quash the information.

*G. W. Frasier,* for appellant.

*D. E. Williamson,* Attorney General, for the State.