## OSCAR LOGAN v. STATE.

No. A-6375.    Opinion Filed Feb. 2, 1929.

(274 Pac. 39.)

Holcombe & Lohman, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted in the district court of Osage county, on a charge of driving an automobile while under the influence of intoxicating liquor, and his punishment fixed at a fine of $1,000 and imprisonment in the penitentiary for a period of six months. Motion for new trial was filed and overruled, and exceptions saved, and defendant has appealed to this court.

The testimony on behalf of the state is brief, and in substance is as follows: That about 6 o'clock on the afternoon of November 11, 1925, in Osage county, the defendant was driving a Buick car at a rate of speed of approximately about 45 miles an hour on the public highway northeast of Pawhuska; his mother was riding with him, sitting in the front seat of the car; he drove his car into a passenger coach of a Santa Fe train, which was switching across the highway at the time; that the lights were burning in the coach; defendant's mother was killed outright by the impact between the automobile and the train at the time of the collison; defendant was injured to some extent, and when taken from the wrecked car liquor was smelled on his breath, and he apparently was in a drunken state; that when they reached the hospital, shortly thereafter, he was in a state of intoxication; defendant was seen driving the car for about 300 yards before the car struck the passenger coach.

All of the testimony on behalf of the state tends to show that defendant was driving at an unusual rate of speed along the highway, and without stopping his car collided with the Santa Fe train that was switching; when he was taken from the wreck and after he reached the hos-

pital he was intoxicated, and the odor of whisky was upon his breath.

The defendant introduced no testimony. When the information was filed, and the case was called for trial, defendant interposed a motion to dismiss on the ground that Francis McCoy, when he made the affidavit to the complaint upon which the warrant of arrest was based, did not have any knowledge of the facts, and that it was made on information and belief. Defendant also demurred to the information, which demurrer and motion to dismiss was overruled by the court, and defendant duly excepted. Defendant also filed a motion to quash the information, which was overruled. A motion for continuance was filed by the defendant, asking that the case be continued until he could secure Francis McCoy as a witness, in order to show that, when he made the complaint upon which the warrant of arrest is based, McCoy had no knowledge of the facts. The motion for continuance was overruled and defendant duly excepted.

Twelve separate errors have been assigned by the defendant, but in his brief he argues, first, that a criminal complaint sworn to by a person who has no personal knowledge of the commission of a public offense will not sustain a warrant of arrest issued thereon.

Section 2446, C. O. S. 1921, reads as follows: "When a complaint, verified by oath or affirmation, is laid before a magistrate, of the commission of a public offense, he must, if satisfied therefrom that the offense complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it, issue a warrant of arrest."

The defendant directs the most of his argument to the question that Francis McCoy signed the complaint in this case, and that he had no knowledge of the facts against the defendant, and therefore it was made on information

4

and belief, and relies upon the case of Miller v. U. S., 8 Okla. 315, 57 P. 836; the second paragraph of the syllabus being as follows: "A statement that the affiant is informed and believes the facts stated in the complaint to be true is no more than the expression of an opinion, and one which may conscientiously be made, and yet prove nothing, and be based upon no facts or knowledge."

The defendant further directs the attention of the court to In re Cummings, 11 Okla. 286, 66 P. 332; also De Graff v. State, 2 Okla. Cr. 519, 103 P. 538. The cases cited by the defendant correctly state the law; in each of these cases the affidavit was made on information and belief. In this case the affidavit to the complaint is positive in its terms, and was not made on information and belief, as argued by the defendant.

This affidavit was sufficient to authorize the issuance of the warrant of arrest, and was sufficient to preclude an inquiry into the question of fact of the personal knowledge of the affiant as to the facts thus positively sworn to.

In the case of Oelke v. State, 10 Okla. Cr. 49, 133 P. 1140, the court said: "Where an information charging a misdemeanor is sworn to positively by the county attorney, it is sufficient to authorize a warrant for the arrest of the defendant, and is sufficient to authorize the county court to put the defendant upon his trial, even though the county attorney had no personal knowledge of the commission of the offense charged."

In the case of Jess Borthick v. State, 41 Okla. Cr. 147, 271 P. 953, the court cited with approval the case of Phillips v. State, 34 Okla. Cr. 52, 244 P. 451, which held: "The purpose of a verified complaint for search warrant is to invoke the judicial power of the magistrate, and, when filed, it is the duty of the magistrate to determine judicially if there is probable cause for believing the existence of the things stated in the affidavit. In so determining the magis-

trate exercises a judicial function. Whether or not he errs in his conclusion or whether or not the affidavit upon which the search warrant is obtained is true is not an issue under the trial of a case predicated upon evidence obtained by such search warrant."

The affidavit in this case states in positive terms the material provisions of the statute necessary to justify an officer in issuing the warrant. We hold that the court did not err in overruling the motion of the defendant to dismiss the case.

Defendant further urges that the giving of instruction No. 5 was erroneous, as it did not define to the jury the term "under the influence of intoxicating liquors"; the instruction complained of being as follows: "Any person who while under the influence of intoxicating liquor, or who is an habitual user of narcotic drugs shall operate or drive an automobile, tractor, or other automotive vehicle on any thoroughfare, highway, road, street or avenue, public or private, designated, intended or used by or for the general public for travel or traffic or the passage of vehicles, within the state of Oklahoma, is deemed guilty of a felony."

Upon an examination of defendant's brief, we find that defendant does not cite any authorities in support of this contention. The undisputed evidence is that the defendant was drunk immediately after the commission of the crime, and the failure of the court to define the term "under the influence of intoxicating liquors" is not an error; especially is this true, where no request was made by the defendant for the definition of such term. If the defendant wanted the term defined, he should have requested the court to define "under the influence of intoxicating liquors." As disclosed by the record, there was no issue presented on the question as to whether or not the defendant was or was not intoxicated. All the evidence bearing on the subject

was to the effect that he was intoxicated at the time. The court did not err in overruling the motion to quash the complaint and information to dismiss the cause and the demurrer.

There are many errors assigned, but from an examination of the record we find they have not been briefed by the defendant, and that they are without merit. The court properly instructed the jury as to the law. The defendant was accorded a fair trial, and the evidence is sufficient to sustain the conviction.

The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.