39 N.J. Super. 599 (1956)
121 A.2d 777
STATE OF NEW JERSEY, PLAINTIFF,
v.
BARBARA F. MERSHON, DEFENDANT.
Superior Court of New Jersey, Passaic County Court, Law Division (Criminal).
Decided March 22, 1956.
*600 Mr. James F. Dougherty, attorney for the defendant.
Mr. Joseph N. Donatelli, attorney for the State.
HINCHLIFFE, J.C.C.
This is an appeal by the defendant from a judgment of conviction in the Municipal Court of the Borough of Wanaque on January 23, 1956, for careless driving as the result of a motor vehicle accident, in violation of N.J.S.A. 39:4-97. In accordance with the statute and rules, this is a trial de novo of the issue.
The complaint which initiated the action before the municipal court purports to have been signed by "Sgt. F.L. *601 Elston" on December 26, 1955, and "Sworn to and subscribed to" on the 28th day of December, 1955, "before" Stephen M. McGirr, clerk.
The police officer was examined by this court and counsel for the defendant. Following is an excerpt from such testimony:
"Q. Did you make that complaint before him [the clerk]?
A. No sir. We have a special drawer we put our complaints in, and he picks them up the next day. We have orders to turn our complaints in within twenty-four hours. We put them in a special drawer we have for complaints, and he picks them up right there.

* * * * * * * *
Q. So you have no knowledge of when Mr. McGirr actually signed this complaint, the jurat on the Complaint?
A. I know he signed it December 28th.

* * * * * * * *
Q. You didn't appear before Mr. McGirr and be sworn, did you?
A. No, sir."
From this testimony it is clear that the police officer never appeared before the clerk to swear to the complaint.
R.R. 8:3-1(a), N.J.S.A. 39:5-6, and N.J.S. 2A:8-27 are the authority for those who may take a complaint for any violation of the Motor Vehicle Act. One of those upon whom such jurisdiction is conferred by N.J.S.A. 39:5-6 is the clerk or deputy clerk of the magistrate. There has been no challenge in the case sub judice that Stephen M. McGirr was not duly appointed clerk of the Municipal Court of the Borough of Wanaque. The complaint was in the form set out in Local Criminal Court Form No. 12, R.R. 8:10-1.
We come now to the gravamen of the question posed by the defendant at her trial, namely, that the complainant had not appeared before the clerk of the court and made the complaint under oath as required by R.R. 8:3-1. For clarity, I shall quote the appropriate part of the rule:
"The complaint is a written statement of the essential facts constituting the offense charged. It shall be made upon oath before any magistrate or other person empowered by law to take complaints. * * *" (Emphasis supplied.)
*602 The evidence adduced at the trial clearly shows that the police officer making the complaint did not appear before the clerk to swear to the complaint, as the complaint here purports. The defendant contends this is a fatal defect and moves to dismiss the complaint on the ground that the court is without jurisdiction, the complaint being invalid, and the conviction thereon by the Municipal Court of the Borough of Wanaque a nullity and should be reversed. This court must agree with the defendant in this regard; the written complaint was the foundation of the jurisdiction of the magistrate and in initiating the action, compliance with the applicable statutes and rules must be observed. Nor does this court, as an appellate court, have any power to correct a defect in the complaint which is jurisdictional in nature, but assumes by implication the existence of a complaint validly made. State v. Walters, 14 N.J. Super. 234 (Cty. Ct. 1951). The jurat is simply evidence of the fact that an oath was properly taken before a duly authorized officer and is not part of the oath, or conclusive evidence of its due administration, and it may be attacked and shown to be false. 67 C.J.S., Oaths and Affirmations, § 7, p. 9.
Two pertinent questions must be asked as to the meaning of the phrase in the rule above cited  "made upon oath before any magistrate," etc. First, how can an oath be administered to one without his presence before the administering officer, and secondly, is it the intent of the rules and the statutes that there should be some sound basis for issuing a summons and the subsequent trial of the defendant? The rule expounded in Chitty's Criminal Law is that there should be much greater strictness applied in the construction of complaints in summary proceedings than in indictments for the reason that the law should afford a greater safeguard to an accused person in a summary proceeding than in proceedings under indictments. This is for the very good reason that no person should be held to answer a complaint unless the crime or offense with which he is charged is expressed with reasonable certainty, directness and fullness, so that he may be fully prepared to meet, *603 and, if he can, to answer to and repel the charge. To permit a complainant, regardless of whether he be a police officer or not, to make a complaint without the necessity of being placed under oath, would most certainly lead to abuses, the bounds of which could not be calculated, and the complainant meanwhile not being held accountable for untruths in the charge. The law requires the affiant to be in the personal presence of the officer administering the oath, not to the end that the officer may know him to be the person he represents himself to be, for it is not required that the affiant be identified, introduced or personally known to the officer, but to the end that he be certainly identified as to the person who actually took the oath.
In the case of In re Napolis, 169 App. Div. 469 (N.Y. App. Div. 1915), the question of taking acknowledgments or affidavits by notary publics without the appearance of the affiant was condemned by the court in the following language:
"The court again wishes to express its condemnation of the acts of notaries taking acknowledgments or affidavits without the presence of the party whose acknowledgment is taken or the affiant, and that it will treat as serious professional misconduct the act of any notary thus violating his official duty. * * *"
It is, therefore, concluded that the complaint was invalid ab initio and all proceedings taken thereunder were illegal. The defendant's motion to dismiss the complaint against her, is granted, and the conviction of the Municipal Court of the Borough of Wanaque is reversed.