Red IVY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–13910.

Court of Criminal Appeals of Oklahoma.

April 20, 1966.

Rehearing Denied June 9, 1966.

Rinehart, Rinehart & Rinehart, El Reno, Malcolm Baucum, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owen, Asst. Atty. Gen., for defendant in error.

## PER CURIAM.

Plaintiff in error, Red Ivy, was charged in the county court of Caddo County with the crime of operating a motor vehicle while under the influence of intoxicating liquor. He was tried by a jury, found guilty and punishment assessed at ten days in the county jail, and a $200 fine. From that judgment and sentence he has appealed to this Court, alleging several assignments of error.

The first proposition of error is that the verification of the information was insufficient to invoke the jurisdiction of the court. Page 13 of the casemade contains the defendant's "Motion to quash and set aside information filed herein", which states: "* * * and moves the court to quash and set aside the purported informations and/or warrants filed herein for the reason the same were not prepared and filed according to law * * *."

The court's order denying defendant's motion is on page 14 of the casemade, which recites: "* * * and the court being ful-

ly advised in the premises, and upon consideration 'thereof, finds that the same should be overruled."

The record reveals that defendant was arrested by Highway Patrol Trooper Filmore Edgmon in the late afternoon of September 24, 1965, and placed in the county jail at Anadarko. Defendant posted bond and was released.

On September 27, 1965 an information was filed in the county court, charging defendant with the above mentioned offense. The verification portion of the information reads as follows:

"STATE OF OKLAHOMA, CADDO COUNTY, ss

"Personally appeared Filmore Edgmon who, being first duly sworn, on his oath says that the statement contained in the above information is true.

/s/ Filmore Edgmon

"Subscribed and sworn to before me this 27th day of September, 1965.

/s/ Dewey E. Hodges
County Judge.

"STATE OF OKLAHOMA, CADDO COUNTY, ss:

"I have examined the facts in this case and recommend that a warrant do issue.

"Dated this 27th day of September, 1965.

/s/ Theodore P. Roberts
County Attorney of
Caddo County, Oklahoma."

(Emphasis added)

———◆———

This *appears* to be regular in form, and had the defendant failed to offer his motion to quash, he would have waived this defect. Also, at the time defendant offered his motion, the county attorney could have corrected it, but he did not attempt to do so. Thereafter, when the court entered its order overruling defendant's motion, which recited: "being fully advised in the premises", what initially amounted to a minor error was compounded into a fatal one.

Trooper Edgmon's testimony is found on page 30 of the casemade, wherein he states, under oath, that he left the State of Oklahoma on *September 25, 1965*; and was in California on the 27th day of September, when he was purported to have appeared before the county judge to sign the information. He further testified, "I signed it before I left the sheriff's office that afternoon". When the defense counsel attempted to show that the trooper, in fact, signed a blank information sheet, the court refused to permit the question.

■ Evidently the charges were prepared, and presented to the County Judge, who executed the verification as a matter of form.

22 C.J.S. Criminal Law § 308, p. 801, states:

"A printed form which is signed in blank by an officer and is later filled in by another in the officer's absence, and without his knowledge or consent is invalid as an information or complaint."

In a New Jersey case, State v. Mershon, 39 N.J.Super. 599, 121 A.2d 777, it was stated:

"Where police officer making and signing complaint against defendant for careless driving did not appear or swear to the complaint before clerk who signed jurat, the complaint was invalid ab initio and all proceedings taken thereunder were illegal."

■■ The third paragraph of the syllabus in Cole v. State, 92 Okl.Cr. 316, 223 P.2d 155, 157, states:

"We do not believe that an affidavit can be made by proxy, but the affiant must do some unequivocal act in the presence of the magistrate showing an indication that he intended to take the oath."

See also Loudermilk v. State, 83 Okl. Cr. 374, 177 P.2d 129; Farrow v. State, 71 Okl.Cr. 397, 112 P.2d 186.

In the case of Lambert v. Powell & White, 6 Orleans App. 195, speaking about the practice of executing affidavits, that court said:

"The argument that the practice of having the affiant sign the affidavit outside of the presence of the notary is a common and everyday occurrence, does not appeal to this Court. The practice is a dangerous and intolerable one. It is too radical a departure from the formality of taking the oath as contemplated by law."

When the county attorney chose to stand on the information, as it was filed without correction, he committed fatal error. The criminal procedures permit an information to be amended; and this should have been done.

■ In Cody v. State, Okl.Cr., 376 P.2d 625, this Court said:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant."

See also, Raybourn v. State, Okl.Cr., 339 P.2d 539; Prestage v. State, Okl.Cr., 348 P.2d 865, and others.

The Attorney General states in his brief, as his first proposition: "An information which is complete and regular on its face is sufficient to invoke the jurisdiction of the Court." But we submit, this information, though it appears to be complete and regular on its face, has been challenged. He cites, Ex parte Talley, 4 Okl.Cr. 398, 112 P. 36, 31 L.R.A.,N.S., 805 a 1910 case. In that case the court said:

"The verification is no part of the information itself; and an unverified information charging an offense in proper and intelligible language, signed by the county attorney and filed in a court having jurisdiction of the offense charged, though insufficient to authorize the issuance of a warrant of arrest, *if not properly challenged* is sufficient for all other purposes. The requirement that the information be verified being for the personal benefit of the defendant, we see no reason why he may not waive it if he desires; and if he submits himself to the jurisdiction of the court, either by voluntarily appearing and answering the information, *or by failing to move to quash the same* when arrested and brought up for arraignment, he thereby waives the defect." [Emphasis ours.]

In the case at hand, the defendant did not waive the defect. He entered his motion to quash the information and warrant, which motion should have been sustained, in the absence of correcting the defect.

The Attorney General then quotes from Moss v. State, 4 Okl.Cr. 247, 111 P. 950, as follows:

"The want of a verification *or a verification insufficient on its face will justify the quashing of the information on a seasonable motion,* * * * *so an information properly verified on its face* cannot be set aside on a showing that the

affiant had no personal knowledge of the matters to which he swore in verifying it."

■ We submit that this information is not properly verified, and the defendant is not challenging the affiant's personal knowledge of the matters to which he swore; but instead, the defendant is contesting the verification as being invalid, because the affiant was outside the State of Oklahoma when it was purportedly sworn to before the county judge.

■ Since the testimony of the trooper sustains defendant's contention of the invalidity of the verification; and since the county attorney failed to correct the error, when he had the opportunity; and since the defendant properly challenged its sufficiency in due time, we have no alternative except to sustain defendant's contentions. It has been the rule for a long time that defendant waives his right to object or complain, under certain circumstances; and by the same token, when defendant opens the door for the county attorney to correct a defective information, and he chooses not to do so, then the county attorney must accept the responsibility for his failure. He and the county judge knew that the trooper was out of the State on September 27th. If they didn't have such knowledge, they should have determined the fact, which would have been done had the trooper properly verified the information.

■ This Court is of the opinion that, under these facts, the signing of the blank information, and the subsequent false verification executed by the county judge was fatal error.

■ This information was the foundation of the jurisdiction of the trial court. Since it was illegal from the inception, it follows that all of the proceedings of the trial were also illegal. The motion to quash, filed by the defendant, should have been sustained and a proper information filed. However, the trial judge overruled this motion, and proceeded to trial.

■ Due process of law requires that the official signature of the trooper should have been affixed thereto, after the charge was filed in the information. The last sentence of Title 22 Okl.St.Ann. § 303, states: "All informations shall be verified by the oath of the prosecuting attorney, complainant or some other person."

■ This is applicable to misdemeanors, and this requirement—that an information charging a misdemeanor shall be verified in positive terms before warrant issues,—is intended for the preservation of the liberty of the individual, by forbidding issuance of a warrant except on probable cause *shown under oath*. See Ex parte Talley, 4 Okl.Cr. 398, 112 P. 36, 31 L.R.A., N.S., 805; Ex parte Simmons, 4 Okl.Cr. *XIV, 112 P. 41; Ex parte Crawford, 4 Okl.Cr. *XIII, 112 P. 41; Lloyd v. State, 42 Okl.Cr. 163, 274 P. 901.

We submit that this case does not come under the rule stated in the Attorney General's brief, wherein he says, "many cases in Oklahoma have held that a complaint or information, verified in positive terms cannot be attacked collaterally by showing that the person verifying it had no personal knowledge of the facts sworn to." The facts and question set forth in the instant case, so far as this writer has been able to determine, have never before been presented to this Court.

In the case of Fullingin v. State, 7 Okl. Cr. 333, 123 P. 558, the county attorney had, prior to the commission of the alleged offense, signed a number of blank informations and left them with the clerk of the court at the "court town" of Snyder, and the clerk thereafter inserted the charge in the blank information. This Court stated that this was not a defect in matter of form only, but was a defect of substance and prejudicial to the substantial rights of the defendant, and was reversible error.

We are of the opinion, under these circumstances, that it would be a travesty of justice to overlook this discrepancy as being technical and unimportant. Such reasoning might well be applied to other in-

stances of misfeasance, or nonfeasance, which consequently cause fundamental error. To permit a complainant, regardless of whether he is a law enforcement officer or not, to make a complaint on a blank information without the necessity of being placed under oath, would most certainly open the door to abuses, the bounds of which cannot be calculated; and the complainant meanwhile not being held accountable for untruths in the charge. The practice of leaving informations, "signed in blank", is a loose and dangerous practice, and should be discontinued.

Defendant also complains of the court's instruction No. 5. Even though this complaint is not fundamental, we are of the opinion that the instruction was not necessary. As this Court stated in Shaffer v. State, Okl.Cr., 283 P.2d 578, 579:

"An examination of this Instruction (No. 5) reveals that it was an attempt to expand on the law, as announced in Instruction No. 4, defining drunk driving. Instruction No. 4 was a correct Instruction, Luellen v. State, 64 Okl.Cr. 382, 81 P.2d 323."

Subsequent to the Shaffer case, the county judge removed that paragraph from his instructions, which commented on the weight of the evidence. However, this Court went further to say in the Shaffer case, concerning the same instruction No. 5:

"There was no necessity in giving Instruction No. 5, since it served no useful purpose, and was clearly prejudicial to the defendant's rights."

Insofar as the previous instruction properly defined the law, instruction No. 5 could serve no purpose except to confuse the jury, and was unnecessary.

Therefore, for the reasons herein stated, the judgment and sentence herein imposed should be, and the same is, reversed and remanded for a new trial, not inconsistent with the principles herein stated.