Douglas BOSS, Petitioner,

v.

The Honorable John A. BENSON, assigned Judge to the District Court of Choctaw County, Oklahoma, Respondent.

No. P–79–31.

Court of Criminal Appeals of Oklahoma.

March 20, 1979.

Joe Stamper, Antlers, for petitioner.

Gary L. Brock, Dist. Atty., Hugo, for respondent.

## OPINION

BUSSEY, Judge:

On the 19th day of January, 1979, an application was filed to assume jurisdiction and issue a writ prohibiting the Honorable John A. Benson from conducting further proceedings in the District Court, Choctaw County, Case No. CRF-78-88. Thereafter this matter was submitted on the 2nd day of March, 1979, on the record and pleadings, and we have assumed jurisdiction.

■ Petitioner asserts that the Honorable John A. Benson improperly overruled his motion to quash the information for the reason that said information was not properly verified as required by the provisions of 22 O.S.1971, § 303.[1] We agree. It appears that it is the common practice not only in Choctaw County, but in other areas

of the State, for the Sheriff or a peace officer to sign blank felony or misdemeanor informations which are later filled out by the District Attorney or one of his assistants without the verification of the officer. This irregularity could have been waived by the failure of the defendant to file a timely motion to quash and could have been corrected by amendment. See *Ivy v. State,* Okl.Cr., 414 P.2d 1007 (1966). Counsel in the instant case timely filed a motion to quash, no amendment was made, and the court erred in overruling the same.

■ Although this matter has become moot in the instant case, for the reason that the information in Case No. CRF-78-88 has been dismissed and a properly verified information has been filed, we take this opportunity to caution prosecutors, peace officers and judges that the provisions of 22 O.S.1971, § 303, require the information in both felony and misdemeanor cases to be verified; and the practice of permitting officers to sign blank informations to be later filled out by prosecuting attorneys without proper verification should be discontinued.

The Writ of Prohibition is DENIED for the reason that it is moot.

CORNISH, P. J., and BRETT, J., concur.

---

1. "The county attorney shall subscribe his name to informations filed in the county, superior or district court and indorse thereon the names of the witnesses known to him at the time of filing the same. He shall also indorse thereon the names of such other witnesses as may afterwards become known to him, at such time as the court may by rule prescribe. *All informations shall be verified by the oath of the prosecuting attorney, complainant or some other person.*" [Emphasis Added.].